UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |   |
|---|---|---|
| DR. ALEXANDER LIPIN, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil No. 16-12256-LTS |
| STEWARD HEALTHCARE SYSTEM, LLC, STEWARD MEDICAL GROUP, INC., and HOLY FAMILY HOSPITAL, | ) ) ) ) ) | |
| Defendants. | ) ) | |

ORDER ON MOTION FOR SUMMARY JUDGMENT (DOC. NO. 33)

May 16, 2018

SOROKIN, J.

Plaintiff, Dr. Alexander Lipin, sues Defendants, Steward Healthcare System, LLC, Steward Medical Group, Inc., and Holy Family Hospital (collectively "Steward"), for wrongful termination in violation of the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.* ("FMLA"), the Americans with Disabilities Act, 42 U.S.C. § 12203 ("ADA"), and Massachusetts statutory law on fair employment practices, Mass. Gen. Laws. ch. 151B § 4(16) ("Chapter 151B"). Steward moves for summary judgment on the grounds that it had decided to terminate Lipin's employment before Lipin contracted pneumonia and took any leave from work at Steward. Doc. No. 34. Lipin opposes. Doc. No. 40.

The Court applies the familiar standard governing motions for summary judgment. The Court views the record in the light most favorable to the nonmoving party and draws all reasonable inferences in the nonmoving party's favor. LeBlanc v. Great Am. Ins. Co., 6 F.3d

836, 841 (1st Cir. 1993). It also ignores "conclusory allegations, improbable inferences, and unsupported speculation." Prescott v. Higgins, 538 F.3d 32, 39 (1st Cir. 2008).

Dr. Clairmont testified that he decided to terminate Lipin's employment after receiving the January 16, 2015 report on Lipin's HIPAA breach, with the only question remaining being whether termination would be (1) for cause, effective immediately, or (2) without cause, which required 90 days' notice or pay in lieu of notice. Doc. No. 41 at 15, 31-33. Clairmont also maintained that he contacted Steward's legal department in January about how to classify Lipin's termination. Id. at 32.

The undisputed evidence establishes that Lipin took sick leave from Steward for pneumonia beginning on January 26, 2015; that he informed Steward on February 5 that he would be on leave until February 17; that he submitted a Leave of Absence Notification Form on February 10; and that he informed Steward on February 12 that he needed to extend his leave until February 23. Id. at 34-37. The record also indicates that, on February 13, Clairmont learned that Lipin had continued to work at Anna Jaques Hospital in the mornings while he was on leave from Steward, id., and that Clairmont emailed Dr. Alexander that same day: "In my opinion this may be grounds to term[inate] for cause and if so how are you guys prepared?" Doc. No. 41-13 at 2. Steward terminated Lipin's employment without cause by phone and letter on February 23. Doc. No. 41 at 40.

A genuine issue of material fact exists as to whether Steward made its decision to terminate Lipin (1) before he took leave on January 26 and (2) before Clairmont learned of Lipin's continued work for Anna Jaques on February 13.[1] Although no evidence in the record

---

[1] The Court rejects Steward's threshold argument—that Lipin's work for another hospital while on leave from Steward was not within a right protected under the FMLA. Steward provides no authority in support of its position that "outside or supplemental employment," as addressed

2

directly contradicts Clairmont's account of the termination decision, a factfinder could reasonably choose to disregard Clairmont's testimony in light of the lack of any action taken by Steward to arrange coverage for Lipin's patients or to terminate Lipin's employment before February 13, especially when this inaction is contrasted with Steward's concerted steps to fire Lipin after February 13. These circumstances could support a reasonable inference that Steward decided to fire Lipin only after Clairmont learned of Lipin's work at Anna Jaques. Thus, Steward's primary argument—that there was no causal connection between Lipin's FMLA leave and his termination—fails for purposes of summary judgment on Lipin's FMLA-based claims.[2]

With respect to the ADA and Chapter 151B, Lipin alleges disability discrimination and a failure by Steward to provide reasonable accommodation. While Lipin's disability discrimination claims require similar analysis as to whether Clairmont decided to fire Lipin before or after becoming aware of Lipin's pneumonia, the record otherwise contains no support for an inference that Steward fired Lipin "because of, in whole or in part, his protected disability."[3] Tobin v. Liberty Mut. Ins. Co., 433 F.3d 100, 104-05 (1st Cir. 2005). Lipin fails to articulate how his termination related at all to his pneumonia, rather than to his HIPAA breach,

---

under FMLA regulation, 29 C.F.R. § 825.216(e), would not encompass Lipin's work at Anna Jaques, regardless of whether his work there was full-time or part-time.

[2] The undisputed evidence establishes that Lipin maintained his full workload at Anna Jaques the entire time that he was out on leave for pneumonia, Doc. No. 41 at 38; that he told Steward in a February 5 email that he had "convinced" his primary care physician to "let [him] start working in a week[,]" id. at 35; and that he forwarded to Steward a letter from his physician that stated that Lipin "has been out of work since 1/27 and I would ask that he continue to be out of work until Feb. 17, 2015 as he is continuing to recover[,]" id. While these facts may support a conclusion that Steward terminated Lipin because it believed that he had misrepresented his health, ability to work, and reasons for taking leave, Steward has expressly disavowed moving for summary judgment on this basis. Doc. No. 44 at 9.

[3] Steward does not contest on summary judgment that Lipin's pneumonia amounted to a disability for purposes of the ADA and Chapter 151B.

3

his work for Anna Jaques while having pneumonia, or any other conduct by Lipin that the record recounts.

Finally, Lipin argues that Steward failed to provide a reasonable accommodation by refusing to engage in an interactive process to assess his disability and his capacity to work at Steward. Steward contends that at no point during Lipin's employment did Steward deny any application for medical leave or any request for an accommodation of a disability; Lipin counters that his February 23 termination effectively rejected his February 20 notice to Steward that he was extending his leave until March 2. Doc. No. 41 at 40-42.

In Lipin's case, further dialogue was not warranted. The ADA regulations provide: "To determine the appropriate reasonable accommodation it <u>may</u> be necessary for the [employer] to initiate an informal, interactive process with the [employee] in need of accommodation." 29 C.F.R. § 1630.2(o)(3) (emphasis added). Under <u>either</u> party's theory of the reason for Lipin's termination (HIPAA breach or working at Anna Jaques while on leave from Steward), Steward had determined to fire Lipin prior to, and independent of, his February 20 extension of medical leave. Whereas Steward had reached an employment decision without regard to any disability asserted by Lipin, Steward was not obligated to initiate an interactive dialogue with Lipin toward an accommodation that would have served only to forestall his termination. See <u>Furtado v. Standard Parking Corp.</u>, 820 F. Supp. 2d 261, 280–81 (D. Mass. 2011) (observing, in the FMLA context, that "[b]eing on leave does not insulate an employee from being terminated for misconduct"); <u>Jones v. Nationwide Life Ins. Co.</u>, 696 F.3d 78, 90 (1st Cir. 2012) ("When an employee requests an accommodation for the first time only after it becomes clear that an adverse employment action is imminent, such a request can be too little, too late." (citations omitted)).

4

Accordingly, Steward's motion for summary judgment is DENIED with respect to Claims 1 and 2 and ALLOWED with respect to Claims 3 and 4.  Within seven days, the parties shall file a joint status report stating their joint or separate positions as to (1) whether they request referral to the Court's mediation program prior to trial, (2) the anticipated duration of trial, and (3) whether all parties consent to the exercise of jurisdiction by the magistrate judge assigned to this case for further proceedings.  The parties shall appear for an initial pretrial conference on Wednesday, May 30, 2018 at 11:00 a.m.

                                    SO ORDERED.

                                    /s/ Leo T. Sorokin
                                    Leo T. Sorokin
                                    United States District Judge